The Austin & Northwestern Railway Company v. Joseph Beatty.

No. 512.

1. **Fellow Servant.**—Plaintiff was an employe of the railway and engaged in nailing boards with numbers upon bridges on the road. A train accompanied, partly to convey him in his work. There was testimony that plaintiff's injury was caused by the negligence of a brakeman upon the train. The men were fellow servants, and it was error to refuse an instruction submitting the defense.

2. **Reasonable Care by Person Injured.** — The testimony tended to show that the plaintiff, by using reasonable care, could have avoided danger when injured. It was his duty to adopt the less dangerous mode of escape. It was error to refuse to submit the issue as defense.

3. **Practice — Requested Charges.** — Charges asked may not be strictly proper, and yet may be sufficient to call the attention of the court to an omission sought to be corrected. See example.

Appeal from Travis. Tried below before Hon. W. M. Key.

*Fisher & Townes*, for appellant.—1. Duty of court to charge on issues presented where there is evidence tending to prove same: Rider v. Railway, 62 Texas, 267; Waul v. Hardie, 17 Texas, 558; Gilkey v. Peeler, 22 Texas, 668.

2. Nonliability for injuries inflicted by fellow servant: Railway v. Willie, 53 Texas, 318; Railway v. Robinson, 46 Texas, 540; Dallas v. Railway, 61 Texas, 197; Railway v. Harrington, 62 Texas, 597; Railway v. Rider, 62 Texas, 267; Railway v. Faber, 63 Texas, 344.

3. Burden on servant to show due care on his part as well as negligence on part of master: Railway v. Crowder, 63 Texas, 502; Christman v. Railway, 65 Texas, 369; Railway v. Bradford, 66 Texas, 735; Wood on Mast. and Serv., secs. 346, 368, 382.

4. Knowledge or means of knowledge on servant's part will defeat recovery: Railway v. Drew, 59 Texas, 11; Railway v. Lempe, 59 Texas, 22; Railway v. McNamara, 59 Texas, 255; Railway v. Fowler, 56 Texas, 452; Railway v. Conrad, 62 Texas, 628; Railway v. Bradford, 66 Texas,

732; Railway v. Crowder, 63 Texas, 503; 25 Cent. Law Jour., 372, et seq.; 28 Am. and Eng. Ry. Cases, 485, 491; Wood on Mast. and Serv., secs. 366, 349; 2 Thomp. on Neg., 976.

*Moore & Thomson*, for appellee.

FISHER, CHIEF JUSTICE.—This case has been before the Supreme Court, and it will be found reported in 73 Texas, 594.

A number of assignments of error are presented, and we dispose of all of them, except those herein after discussed, by holding, that in our opinion, they present no reversible error.

A charge was requested by the appellant and refused by the court upon the issue of fellow servant; that is, that the master, the railway company, would not be charged if the injury to appellee resulted from the negligence of a fellow servant.

The appellant has a plea presenting this issue, and the facts out of which it arose show that the appellee was employed by Leitnaker, the superintendant of appellant's road, to nail upon bridges on the line of the road boards with the number of the bridge thereon designated; that the train by which he was injured was the one hauling him over the road, partly for the purpose of giving him an oportunity to perform such work; when he was in the performace of such work on a bridge, the train slowly approached him (he at the time was standing on the end of one of the caps), and when the engine and one or two flat cars had passed he signalled the brakeman, who was standing at the end of the coach which was attached to the rear of the train, to stop the train. There is evidence tending to show that the brakeman saw the signal made by appellee, and that he also saw that appellee was going to try and get on the moving train; and it also appears that he could have stopped the train before the coach reached the point where Beatty was standing, and that he made no effort to stop it. It appears that there was no danger to be apprehended by Beatty from collision with the engine and flat cars, but the passenger coach being broader, he was, from the position he occupied on the end of the cap, fearful that he would be struck by the passenger car if it was allowed to pass.

We think these facts called for a charge presenting the issue as to injury resulting from the negligence of a fellow servant. We do not say that the charge should have been given in the language stated in the special charge refused on this subject, but it was sufficient to call the trial court's attention to the question, and being sufficient for that purpose, the issue should have been submitted by a proper charge.

The fact that Leitnaker, the superintendent, required and directed the train to move across the bridge, would not excuse a servant who aids in operating the train from exercising ordinary diligence to stop the train

when a condition arises that requires that it should be stopped in order to prevent an injury to a fellow servant. The failure of the servant to exercise ordinary acts of diligence under such circumstances, when he was in a position to do so, and when he knew of the perilous situation of his coservant, and when he had reason to believe that the act of diligence, if exerted, would prevent the injury, is, in our opinion, as much an act of negligence as if the negligence was the result of some affirmative act of commission. The failure to do or the omission of an act of duty may be, and is often, as much negligence as if the act complained of was the result of some act committed that resulted in the hurt.

We believe, from the rule established in this State, that the appellee and the brakeman on the train occupied to each other the relation of fellow servants. Railway v. Welch, 72 Texas, 299; Railway v. Mitchell, 72 Texas, 612.

The sixteenth assignment of error calls our attention to the refusal of a charge that we believe the court erred in not submitting in part to the jury. We do not approve the charge as requested, but we think the latter part of it was sufficient to call the court's attention to the issue, as made by the facts, whether or not the appellee, by the exercise of a reasonable degree of caution and judgment, such as would be expected of a man of ordinary prudence under like circumstances, in an effort to escape the peril he believed he was in by reason of his situation, resorted to such means of escape as from the facts and circumstances reasonably appeared to him to be the least dangerous. In other words, if in the exercise of proper care and caution, the reasonable appearances of things as then existing, viewed from his standpoint, indicated to his mind that there was open to him an avenue of escape less dangerous than the one resorted to, and the facts and circumstances were then sufficient to indicate to a man of ordinary prudence, viewed from the plaintiff's standpoint, that the means of escape resorted to was dangerous, he, under such circumstances, as an exercise of proper caution and prudence, would be charged with the duty of selecting the means of escape that appeared to be the least dangerous.

It seems to us to be a fair and reasonable rule to lay down in such cases as this. If a person believes that he is in a perilous situation, and there are open to him two or more avenues of escape known to him, and he selects the one that is in fact more dangerous, and from his situation and the circumstances then existing that fact is reasonably apparent to him, we believe he should be held to the consequences that result from such a want of proper caution and prudence. Under such circumstances he should select the least dangerous means of escape.

To illustrate: Suppose that I should be upon the roof of a burning building, and there is placed in position as a means for my escape a ladder, which attempting to descend may be regarded by me as accompanied

with some danger.   But there is presented as a means of escape the alternative of jumping from the roof or using the ladder, and the distance to the ground indicates to my mind that the leap would be accompanied with a danger that is certain, and greater than a resort to the ladder.   What would care, caution, and prudence suggest under such circumstances? Clearly that I should use the ladder.

Of course, the peril produced by the wrongful agency of a defendant that is brought about by his negligence or willful act may, in a mind of ordinary prudence, produce such a state of terror and fright as would render the mind incapable of selecting or determining which of two means of escape open to him is the least dangerous; and in such a case the rule we lay down may not find application.   But if as a fact the mind is capable of determining which of the means of escape is the least dangerous, and these means are open to observation to the one in peril, an observance of those just rules that measure his conduct by the degree of prudence and caution exercised in the given case would require him to select the means that are the less dangerous.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 31, 1894.

Associate Justice Key did not sit in this case.